**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSE L. VALLE and ELIZABETH VALLE,

Plaintiffs,

vs.

NEW CENTURY MORTGAGE CORPORATION; JP MORGAN CHASE BANK N.A.; AND NORTHWEST TRUSTEE SERVICES, INC. on behalf of DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE, for HSI ASSET SECURITIZATION CORPORATION TRUST 2005-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-NC1,

Defendants.

CASE NO. 14cv0212-GPC(RBB)

**ORDER:**

**1) GRANTING DEFENDANTS' UNOPPOSED MOTIONS TO DISMISS**

[Dkt. Nos. 5, 7.]

**2) DENYING AS MOOT DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**

[Dkt. Nos. 6, 7-2.]

On January 31, 2014, Plaintiffs Jose L. Valle and Elizabeth Valle (collectively, "Plaintiffs") filed a Complaint in the above-captioned matter against Defendants New Century Mortgage Corporation; JP Morgan Chase Bank N.A.; and Northwest Trustee Services, Inc. on behalf of Deutche Bank National Trust Company as Trustee for HSI Asset Securitization Corporation Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1 ("Northwest Trustee Services, Inc."). (Dkt. No. 1.) Plaintiffs returned executed summons showing they served JP Morgan Chase Bank

N.A. and Northwest Trustee Services, Inc. (Dkt. Nos. 3, 4.) Defendant New Century Mortgage Corporation was not served with the Complaint. (Dkt. No. 9.)

On February 21, 2014, Defendant JP Morgan Chase Bank N.A. filed a motion to dismiss the Complaint, (Dkt. No. 5), and related request for judicial notice. (Dkt. No. 6.) On February 24, 2014, Defendant Northwest Trustee Services, Inc. Also filed a motion to dismiss the Complaint, (Dkt. No. 7), and related request for judicial notice. (Dkt. No. 7-2.) The Court set a briefing schedule for both motions requiring Plaintiffs to file a response(s) by April 11, 2014. (Dkt. No. 8.) To date, Plaintiffs have not filed an opposition.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiffs' failure to file an opposition. See Ghazali, 46 F.3d at 53. The majority of these factors weigh in favor of dismissal.

Because Plaintiffs have failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendants' unopposed motions to dismiss. The Court's docket reflects that Plaintiffs were served with a copy of both motions and the Court's briefing schedule. Accordingly, the Court **GRANTS** Defendants' motions to dismiss (Dkt. Nos. 5, 7) as unopposed. See Civ. Local R. 7.1.f.3.c; see also Ghazali, 46 F.3d at 53. In addition, the Court **DENIES AS MOOT** Defendants' respective requests for judicial notice, without prejudice to any later re-filing. (Dkt. Nos. 6, 7-2.)

IT IS HEREBY ORDERED that all claims against Defendants JP Morgan Chase Bank N.A. and Northwest Trustee Services, Inc. in Plaintiffs' Complaint are **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendants' Motions to Dismiss, currently set for **May 30, 2014**, is **VACATED**.

**IT IS SO ORDERED.**

DATED: May 22, 2014

HON. GONZALO P. CURIEL
United States District Judge